IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JESSE FLOYD EARLS,

                                      Civil No. 08-760-ST

        Petitioner,

    v.

BRIAN BELLEQUE, et al.,

                                    FINDINGS AND RECOMMENDATION

        Respondents.

        Jesse Floyd Earls
        4612984
        Oregon State Penitentiary
        2605 State Street
        Salem, Oregon 97310

                Petitioner, *Pro Se*

        John R. Kroger
        Attorney General
        Jonathan W. Diehl
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

                Attorneys for Respondent

   1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in order to challenge the execution of his state court sentence.  For the reasons that follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

<u>**BACKGROUND**</u>

In 1982, petitioner was convicted of Robbery in the First Degree in Lane County and sentenced to an indeterminate 20-year sentence with a 10-year minimum.  Respondent's Exhibit 105, Att. 1. The Oregon Board of Parole and Post-Prison Supervision ("Board") established a projected release date of June 1, 1992, and a sentence expiration of June 1, 2002.  Respondent's Exhibit 105, Att. 4.

In 1985, petitioner assaulted a fellow inmate and pled guilty to Assault in the First Degree, resulting in a consecutive indeterminate 15-year sentence with a 5-year minimum.  Respondent's Exhibit 105, Att. 5.  The Board set a projected release date of May 31, 1997, and a sentence expiration date of May 29, 2017. Respondent's Exhibit 105, Att. 7.

Petitioner's Robbery sentence expired on its good-time date, March 5, 1996.  Respondent's Exhibit 101.

As petitioner approached his projected release date of May 31, 1997, on the Assault conviction, the Board determined that he had a severe emotional disturbance rendering him a danger to the health

2 - FINDINGS AND RECOMMENDATION

or safety of the community.  As a result, it deferred parole for 24 months and revised the projected release date to May 31, 1999, with a sentence expiration date of December 5, 2010.  Respondent's Exhibit 105, Att. 9.  The Board subsequently deferred petitioner's parole on three more occasions, ultimately establishing a parole date on the Assault conviction of May 31, 2005.  Respondent's Exhibit 105, Atts. 10-12.

On August 18, 2004, petitioner refused to take part in a psychological evaluation and refused parole consideration with the goal of achieving an unconditional discharge on the good-time release date for the Assault conviction. Respondent's Exhibit 105, Att. 13; *Bollinger v. Board of Parole*, 329 Or. 505 (1999).  As a result, the Board ordered that petitioner be released on his projected good-time date of July 9, 2007.  Respondent's Exhibit 105, Att. 13.  On February 8, 2005, the Oregon Department of Corrections ("ODOC") performed an audit of petitioner's records and determined that his good-time date was actually October 26, 2007. Respondent's Exhibit 105, p. 3, ¶ 11.

Petitioner filed for state habeas relief in Marion County, arguing that ODOC had improperly calculated his sentence. Respondent's Exhibit 102.  Specifically, he alleged that his consecutive sentence for Assault should have commenced running on June 1, 1992 (his prison release date on his Robbery conviction),

not December 5, 1995[1] (his good-time release date on the Robbery conviction). The State moved to dismiss the action because: (1) habeas corpus was not an appropriate remedy; and (2) ODOC had correctly calculated the sentence. Respondent's Exhibit 104. The Marion County Circuit Court dismissed the habeas action for the reasons identified in the State's Motion to Dismiss. Respondent's Exhibit 109. The Oregon Court of Appeals affirmed this decision without issuing a written opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 113 & 114.

Petitioner filed his federal habeas corpus action on June 23, 2008, raising a single due process claim based upon ODOC's alleged refusal to properly calculate his sentence.[2]

## FINDINGS

### I.   Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A

---

[1]   The actual good-time date on the Robbery conviction was March 5, 1996.

[2]   Petitioner is currently serving a prison sentence for a 2007 conviction of Possession of a Weapon by an Inmate which was imposed consecutively to his sentence for Assault. Respondent's Exhibit 101.

4 - FINDINGS AND RECOMMENDATION

state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. <u>Analysis</u>

Federal habeas relief is not available for errors in the application of state sentencing laws absent a showing of fundamental unfairness. *See Bonin v. Calderon*, 77 F.3d 1155, 1161 (9th Cir.), *cert. denied*, 516 U.S. 1143 (1996) (federal habeas corpus relief does not lie for errors of state law, unless the

5 - FINDINGS AND RECOMMENDATION

error amounts to a deprivation of petitioner's constitutional rights). However, a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

Petitioner's due process claim arises out of what he considers to be an erroneous calculation of his state sentence under the relevant state statutes. In its Motion to Dismiss petitioner's appeal in state court, the State specifically argued that the calculation was proper under Oregon law because petitioner confused his prison <u>term</u> (which is a projected figure set by the Board and subject to change) with his prison <u>sentence</u> (which is the total sentence imposed by the court), two different things under Oregon law. Respondent's Exhibit 104, pp. 7-9. The State cited *Hamel v. Johnson*, 330 Or. 180, 186-87, 998 P.2d 661, 665 (2000), for the proposition that the completion of an initial prison term does not necessarily mean that the sentence was satisfied such that a consecutive sentence automatically begins to run. *Also see Haskins v. Palmateer*, 186 Or. App. 159, 165, 63 P.3d 31, 35, *rev. denied*, 335 Or. 510 (2003) ("Completion of a prison term does not mean that the *sentence* of the court has been completed") (emphasis in original); *Tucker v. Lampert*, 174 Or. App. 373, 379-80 (2001), *rev'd on other grounds*, 333 Or. 398 (2002) (rejecting the argument petitioner makes here).

6 - FINDINGS AND RECOMMENDATION

The Marion County Circuit Court determined that "[f]or the reasons set forth in defendant's Motion to Dismiss, the Court finds the Motion to Dismiss is well-taken." Respondent's Exhibit 109. It therefore concluded, as a matter of state law, that the calculation of petitioner's sentence was correct. Such a determination is not only supported by Oregon precedent, but is also not reviewable by a federal court. *See Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law."), citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law."), citing *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Because ODOC properly calculated petitioner's sentence under Oregon law, petitioner cannot prevail on a federal due process claim. As the existing record in this case is sufficient to resolve this case, petitioner's request for an evidentiary hearing should be denied. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

7 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and a judgment should be entered dismissing this case with prejudice.  The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due March 22, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of March, 2010.

s/  Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION